**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW MEXICO**

AARON CONRAD BALDRIDGE,

Plaintiff,

v. No. 2:26-cv-03409-GJF[1]

BROOKE L. ROLLINS,

Defendant.

**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND NOTICE REGARDING CASE MANAGEMENT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for Employment Discrimination, Doc. 1, filed October 13, 2026 ("Complaint"), and Plaintiff's Motion for Appointment of Counsel, Doc. 3, filed October 13, 2026.

**Order Denying Motion for Appointment of Counsel**

Plaintiff, who was employed by the United States Department of Agriculture ("USDA"), "filed a USDA religious and medical reasonable accommodation request for the Covid 19 shot" on October 7, 2021. Complaint at 5. Plaintiff alleges that retaliation by USDA leadership and his direct supervisor "started immediately." Complaint at 5. Plaintiff "felt no option but to resign from the USDA (constructive discharge)" on March 22, 2024. Complaint at 5.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 5, filed October 14, 2026. Plaintiff has paid the filing fee. *See* Doc. 4, filed October 13, 2026. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Plaintiff asks the Court to appoint counsel to represent him in this matter on the following grounds:

> 4. Plaintiff has made reasonable efforts to obtain legal representation but has been unable to secure counsel.
>
> 5. This case involves issues of federal employment law, discovery, evidentiary matters, and motion practice that would benefit from the assistance of counsel.
>
> 6. Plaintiff lacks formal legal training and would be substantially assisted by appointed counsel in presenting the claims and complying with applicable procedural requirements.
>
> 7. Plaintiff believes the claims have merit and that the interests of justice favor appointment of counsel.

Motion at 1.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). The Court does not have authority to appoint counsel. *See Moaz v. Denver International Airport*, 747 Fed.Appx. 708, 711 (10th Cir. 2018) ("The court cannot appoint counsel; instead, the court can only ask an attorney to take the case") (citing *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016)).

The Court denies Plaintiff's motion to appoint counsel and declines to request legal representation for Plaintiff. Plaintiff's general assertions that this case would benefit from the assistance of counsel, that Plaintiff would be substantially assisted by appointed counsel, that Plaintiff believes the claims have merit and that the interests of justice favor appointment of counsel apply to almost all cases filed by *pro se* litigants. Plaintiff has not shown that the merits and nature of his claims, his ability to present the claims, and the complexity of the issues warrant

a request for counsel. *See Moaz v. Denver International Airport*, 747 Fed.Appx. 708, 711 (10th Cir. 2018) (listing factors courts consider when determining whether to request counsel). The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**Notice Regarding Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Plaintiff has an obligation to prosecute this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

Plaintiff also has an obligation to serve Defendant. *See* Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service").

Finally, the Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se*

status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 3, filed October 13, 2026, is **DENIED.**

**SO ORDERED.**

**THE HONORABLE GREGORY J. FOURATT**
**UNITED STATES MAGISTRATE JUDGE**